LETTS, Judge.
The sole question before this court is whether the insured rejected higher uninsured motorist benefits (U.M.) under Section 627.727(1), Florida Statutes (Supp. 1976). The trial judge held he did not. We disagree and reverse.
In 1965, the insurance company issued an automobile policy to the insured under which the latter obtained bodily injury limits of $300,000. In 1973, Section 627.727, Florida Statutes, was enacted to provide that, absent a rejection, all insurance policies must furnish U.M. coverage with limits no less than the liability limits under the policy. Because of this change, by operation of law, the insured was sent a form notifying him of it and requesting him to specify the limits of U.M. coverage. Upon discussing this notification with his insurance agent, the insured decided not to include U.M. coverage equal to the amount of his bodily injury limit and in 1974 signed *1110 a rejection of coverage form and elected minimum policy limits for U.M. coverage of $10,000 per person and $20,000 per accident.
In 1975, Section 324.021(7), Florida Statutes (1975), mandated that U.M. limits must be increased to at least $15,000 per person and $30,000 per accident. Pursuant to that statutory change, the insured’s coverage was automatically increased, but the insurance company did not, at that time, require the insured to execute a new rejection form as to U.M. coverage. Nevertheless each year thereafter, the company or its agent sent out forms to the insured fully explaining how to acquire and extend U.M. coverage and defining his right to increase it. Despite these many notices, the insured did not seek to change the amount of coverage.
In 1981, the insured was involved in an automobile accident and made a claim for uninsured motorist benefits. The company argued that he was only entitled to U.M. coverage of 15/30 — the amount specified in the policy. Not surprisingly, the insured maintained that he was entitled to U.M. coverage equivalent to the bodily injury limits because the company failed to send a written rejection of uninsured motorist coverage in 1975, when it was required to amend the policy by operation of law. The trial court determined that the insured was entitled to U.M. coverage in the amount of $300,000 rather than $15,000/$30,000. We disagree.
Only last week, our Supreme Court in American Fire & Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla.1983), held that where an insured is aware of his right to obtain uninsured motorist coverage equal in amount to liability coverage, and decides to maintain his uninsured motorist coverage at the lower limits, the insurance company does not have to offer such coverage at the exact moment of change in the policy. Thus, despite the absence here of an express offer by the company at the moment of the policy change, the insured was obviously aware of the right to higher U.M. coverage because of the repeated notices to that effect and Spaulding specifically holds that such awareness constitutes an election to continue the lower coverage limit.
Accordingly, we reverse and remand in accordance herewith.
BERANEK and HERSEY, JJ., concur.